and give bond with sureties. The sixth section requires the register. on the direction of the mayor, to make out the licenses. The seventh exempts those whose licenses have not expired from taking a new license until their old ones have expired. Then comes the eighth section: in these words: "And be it enacted, that for every infraction of the provisions of this act, there shall be paid, by the person committing the same, or his sureties, the sum of twenty dollars." It is then enacted by the ninth section: "That persons usually denominated hawkers and pedlars, carrying goods, wares, and merchandise from place to place in the city, shall take out annual license therefor, for which shall be paid $35 each license; and the said hawkers and pedlars shall be bound to exhibit to any officer of the corporation, at all times when thereto required or demanded, the license obtained as aforesaid." The tenth section makes it the duty of the register to grant licenses in the absence of the mayor; and the eleventh section repeals so much of former acts as comes within the purview of this.

Mr. Burch, in his Digest (page 102), has inserted these words: "That if any hawker or pedlar shall be found selling as aforesaid, without a license, or shall refuse or fail to show his license when required so to do, he shall, for every day he shall be found so selling, or for every refusal or failure as aforesaid, forfeit and pay the sum of $20." Act July 19, 1804. No such provision has been found in that or any other act of the corporation.

THE COURT affirmed the judgment with costs.

---

WASHINGTON, The (ULARY v.). See Case No. 14,323.

WASHINGTON (UNITED STATES v.). See Case No. 16,646.

---

## Case No. 17,235.

### WASHINGTON v. WALKER.

[2 Cranch, C. C. 293.] [1]

Circuit Court, District of Columbia. April Term, 1822.

COLLECTOR OF TAXES — LIABILITY ON BOND — ARREARAGES COLLECTED.

The collector of city taxes who was appointed and gave bond in June, 1816, and resigned in October, 1816, was liable upon that bond for all collections of taxes made by him after the date of the bond. and before his resignation, although such collection consisted of arrearages of taxes due in former years.

Debt on a collector's bond. There were several breaches assigned in not paying over the money collected. The bond was dated in June, 1816, and the defendant resigned his office in October, 1816, before the tax list of that year had been delivered to him. He had been collector for several preceding years.

Mr. Law and Mr. Key, for plaintiffs, contended that, as the defendant had been collector in preceding years, his sureties in this bond are liable for collections made in former years.

But THE COURT (MORSELL, Circuit Judge, contra) decided that the defendant is liable upon this bond, dated in June, 1816, for all collections of taxes made by him, after the date of the bond, and before his resignation in October, 1816, although such collections consisted of arrearages of taxes due in former years, the by-law of 1812 having expressly made it the duty of every new collector to collect such arrearages; and, as the defendant was collector of the preceding year, it was not necessary that he should have been furnished by the register with a new list of arrearages, because the defendant must have himself known what the arrearages were.

THRUSTON, Circuit Judge, was of opinion that this bond covers all moneys in the defendant's hands at any time after its date.